Louis M. MAGNABOSCO,
Plaintiff–Appellant,

v.

ATLANTIC RICHFIELD COMPANY CAPITAL ACCUMULATION PLAN II; Katalistiks Inc.; Union Carbide Corp.; Allied Signal Corp.; Universal Oil Products; UOP, a Joint Venture; W.R. Grace & Co., Conn., Defendants–Appellees.

No. 99–56885.
D.C. No. CV–94–07944–WDK.

United States Court of Appeals,
Ninth Circuit.

Submitted April 4, 2001*.

Decided Aug. 28, 2002.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

**718**

Before HUG, DUHE,** and
TALLMAN, Circuit Judges.

** Honorable John M. Duhé, Jr., Senior United
States Circuit Judge for the Fifth Circuit, sit-
ting by designation.

*** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as may be provid-
ed by Ninth Circuit Rule 36–3.

1. Our jurisdiction is unaffected by the fact that Magnabosco filed his Notice of Appeal roughly two years after the district court dismissed his Third Amended Complaint with prejudice, as the district court never entered a

separate judgment for purposes of FED. R. CIV. P. 58. *See In re Bonham*, 229 F.3d 750, 761 n. 5 (9th Cir.2000) (noting that "failure to comply with the separate-document require-ment has no bearing on the question whether the court's judgment or order is final and appealable"); *McCalden v. Cal. Library Ass'n*, 955 F.2d 1214, 1218 n. 2 (9th Cir.1990) (stat-ing that "a separate judgment is required for the time limit to appeal to begin running," but is not necessary to create appellate juris-diction).

## MEMORANDUM***

■ Louis Magnabosco appeals the district court's decision dismissing his Third Amended Complaint for failing to state a claim on which relief might be granted. *See* FED R. CIV. P. 12(b)(6). We have jurisdiction pursuant to 28 U.S.C. § 1291,[1] and, applying de novo review, we affirm. *See Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir.1999). Because the parties are familiar with the factual and procedural history of this case, we do not recount it here except as is necessary to explain our decision.

## I. The Fraud Count

Under California law, the following elements must be alleged to state a claim for fraud: "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Lazar v. Superior Court*, 12 Cal.4th 631, 49 Cal.Rptr.2d 377, 909 P.2d 981, 984 (1996) (quotation omitted). In attempting to meet the above elements, Magnabosco offers two theories. Neither theory is sufficient to state an actionable claim of fraud.

■ Magnabosco's first theory is that Union Carbide Corporation ("UCC") and Katalistiks, in telling him that he would be

listed on any Group Two patents[2] that *might* be developed, induced him to forego suit and/or other possible actions against ARCO, UCC, and Katalistiks for ARCO's failure to list him as inventor on the Group One patents. The problem with this theory is that it fails to state any justifiable reliance. Simply put, it is manifestly unreasonable to forego vindication of one's rights in reliance on a promise that one's speculative rights will not be violated in the future.[3] *See Guido v. Koopman*, 1 Cal.App.4th 837, 2 Cal.Rptr.2d 437, 440 (1991) (holding that "whether a party's reliance was justified may be decided as a matter of law if reasonable minds can come to only one conclusion based on the facts").

■ Magnabosco's second theory is that UCC and Katalistiks, through their misrepresentations, induced him to forego any attempt to have his name listed on the Group Two patents. According to Magnabosco, he might have had his name listed through notification to the Patent and Trademark Office ("PTO") of potential errors on the Group Two patents. The flaw in this theory is the absence of any statement of damage. Under 35 U.S.C. § 256, the statute that governs correction of inventor errors on patents, the PTO will not make a correction unless such correction is applied for by "all the parties and assignees." The facts and theories advanced by Magnabosco make clear that unanimous consent for correction would not have been forthcoming had Magnabosco sought to correct the patents through the PTO. Thus, Magnabosco's alleged damage is illusory, as even in the absence of the alleged fraud he would not have been able to correct the patents through notice to the PTO.[4] As such, his second theory of fraud fails.

## II. The Conspiracy Counts

■ "Conspiracy is not an independent tort; it cannot create a duty or abrogate an immunity. It allows tort recovery only against a party who already owes the duty and is not immune from liability based on applicable substantive tort law principles." *Applied Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 28 Cal.Rptr.2d 475, 869 P.2d 454, 459 (1994) (in bank). As to each conspiracy count, Magnabosco has failed to allege a duty. He has not cited a single case or otherwise explained the source of any duty running from the alleged conspirators to him. He has not shown that, as subsequent holders of the various patents, each alleged conspirator was obligated to identify all true inventors, ensure that they were rightfully named, and avoid making any public comment as to the actual inventors. Nor has he shown that any of the alleged conspirators had a duty to deny the participation of those actually listed as inventors on the patents. Accordingly, Magnabosco's causes of action sounding in conspiracy were properly dismissed.

2. The phrase "Group Two patents" refers to those patents that were filed by UCC and Katalistiks. "Group One patents" refers to those patents that were filed by ARCO and later acquired by UCC and Katalistiks in their purchase of certain assets from ARCO.

3. The district court did not rely on this reasoning in dismissing the Third Amended Complaint. However, it is well established that we may affirm on any ground supported by the record, even if the district court did not rely on that ground in reaching its decision. *See United States v. Washington*, 969 F.2d 752, 755 (9th Cir.1992).

4. Magnabosco might have obtained correction through a law suit against UCC and Katalistiks. However, as the district court pointed out, Magnabosco has never alleged that he intended to sue to have his name placed on the patents.

For the aforementioned reasons, the district court's decision dismissing Magnabosco's Third Amended Complaint is AFFIRMED.